1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMERGING ACQUISITIONS LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>OneEnterprise, Inc., a Washington corporation,<br><br>Defendant. | No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND |

## PARTIES

Plaintiff Emerging Acquisitions LLC for its complaint against Defendant OneEnterprise, Inc. states as follows:

1.  Plaintiff Emerging Acquisitions LLC, d/b/a Bulk Handling Systems, is an Oregon limited liability company with its principal place of business in Eugene, Oregon.

2.  Defendant OneEnterprise, Inc. is a company organized under the laws of the State of Washington, with its principal place of business in Woodinville, Washington.

## JURISDICTION AND VENUE

3.  This action is brought pursuant to the patent laws of the United States, 35 U.S.C. § 100, et seq., including 35 U.S.C. § 281.

4.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

Complaint for Patent Infringement - 1

5.     This Court has personal jurisdiction over Defendant because Defendant offers infringing products for sale in this District and, upon information and belief, has sold infringing products in this District. Upon information and belief, Defendant has at least one authorized sales agent in this District and has received sales revenue originating from that relationship.

6.     Venue in this Court is proper under 28 U.S.C. §§ 1391 and 1400(b).

## **CLAIMS FOR RELIEF**

### FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 5,960,964)

7.     Plaintiff realleges and incorporates by reference the allegations contained in the above paragraphs of this Complaint.

8.     U.S. Patent No. 5,960,964 for Method and Apparatus for Sorting Recycled Materials ("the '964 Patent") was duly and properly issued on October 5, 1999 by the United States Patent and Trademark Office ("USPTO"). A copy of the '964 Patent is attached as Exhibit A.

9.     Plaintiff is the sole owner by assignment of the '964 Patent.

10.    Defendant has infringed and continues to infringe directly, contributorily and via inducement (35 U.S.C. § 271(a)-(c)), the Claims of the '964 Patent in this district and elsewhere by making, using, offering to sell, selling, and importing counterfeit compound disks (the "Accused Product.")

11.    Defendant has sold parts and products to customers knowing them to be non-staple articles of commerce that are material, specially adapted components of the '964 Patent's invention that are not suitable for any substantial noninfringing use, and knowing that the purchasers, by using those parts and products, have infringed and continue to infringe the '964 Patent.

Complaint for Patent Infringement - 2

74627512.1 0035743-00003

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

12. Defendant has induced and continues to induce infringement by teaching its customers what Defendant knows to be infringing uses of its product, including through, inter alia, upon information and belief, Defendant's manuals, instructions, and images.

13. At no time has Plaintiff granted Defendant authorization, license, or permission to practice the inventions claimed in the '964 Patent.

14. Plaintiff has been and will continue to be damaged by Defendant's continuing infringement of the '964 Patent.

15. Because Plaintiff and Defendant are direct competitors in the market for compound disks, Plaintiff has been and will continue to be harmed irreparably by Defendant's infringement of the '964 Patent and has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 6,149,018)

16. Plaintiff alleges and incorporates by reference the allegations contained in the above paragraphs of this Complaint.

17. U.S. Patent No. 6,149,018 for Method and Apparatus for Sorting Recycled Material ("the '018 Patent") was duly and properly issued by the USPTO on November 21, 2000. A copy of the '018 Patent is attached as Exhibit B.

18. Plaintiff is the sole owner by assignment of the '018 Patent.

19. Defendant has infringed and continues to infringe directly, contributorily and via inducement (35 U.S.C. § 271(a)-(c)), the Claims of the '018 Patent in this District and elsewhere by making, using, offering to sell, selling, and importing the Accused Product.

20. Defendant has sold parts and products to customers knowing them to be non-staple articles of commerce that are material, specially adapted components of the '018 Patent's invention that are not suitable for any substantial noninfringing use, and knowing that the purchasers, by using those parts and products, have infringed and continue to infringe the '018 Patent.

Complaint for Patent Infringement  - 3

21. Defendant has induced and continues to induce infringement by teaching its customers what Defendant knows to be infringing uses of its product, including through, inter alia, upon information and belief, Defendant's manuals, instructions, and images.

22. At no time has Plaintiff granted Defendant authorization, license, or permission to practice the inventions claimed in the '018 Patent.

23. Plaintiff has been and will continue to be damaged by Defendant's continuing infringement of the '018 patent.

24. Because Plaintiff and Defendant are direct competitors in the market for compound disks, Plaintiff has been and will continue to be harmed irreparably by Defendant's infringement of the '018 patent and has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 6,371,305)

25. Plaintiff alleges and incorporates herein by reference the allegations contained in the above paragraphs of this Complaint.

26. U.S. Patent No. 6,371,305 for Method and Apparatus for Sorting Recycled Material ( "the '305 Patent") was duly and properly issued by the USPTO on April 16, 2002. A copy of the '305 Patent is attached as Exhibit C.

27. Plaintiff is the sole owner by assignment of the '305 Patent.

28. Defendant has infringed and continues to infringe directly, contributorily and via inducement (35 U.S.C. § 271(a)-(c)), the Claims of the '305 Patent in this District and elsewhere by making, using, offering to sell, selling, and importing the Accused Product.

29. Defendant has sold parts and products to customers knowing them to be non-staple articles of commerce that are material, specially adapted components of the '305 Patent's invention that are not suitable for any substantial noninfringing use and knowing that the purchasers, by using those parts and products, have infringed and continue to infringe the '305 Patent.

Complaint for Patent Infringement - 4

30. Defendant has induced and continues to induce infringement by teaching its customers what Defendant knows to be infringing uses of its product, including through, inter alia, upon information and belief, Defendant's manuals, instructions, and images.

31. At no time has Plaintiff granted Defendant authorization, license, or permission to practice the inventions claimed in the '305 Patent.

32. Plaintiff has been and will continue to be damaged by Defendant's continuing infringement of the '305 Patent.

33. Because Plaintiff and Defendant are direct competitors in the market for compound disks, Plaintiff has been and will continue to be harmed irreparably by Defendant's infringement of the '305 Patent and has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter an order declaring that each of the '964, '018, and '305 patents is infringed by Defendant;

B. Enter an order preliminarily and permanently enjoining Defendant, its officers, directors, employees, agents, representatives and all persons acting or claiming to act on their behalf or under their direction or authority from directly or contributorily, infringing, or inducing infringement of, any claims of the '964, '018, or '305 Patents;

C. Enter judgment in favor of Plaintiff and against Defendant for damages for patent infringement pursuant to 35 U.S.C. § 284 in an amount to be determined at trial, but in no event less than a reasonable royalty for infringement of the '964, '018, and '305 Patents;

D. Enter judgment in favor of Plaintiff and against Defendant for treble damages pursuant to 35 U.S.C. § 284 by reason of Defendant's deliberate and willful infringement of the '964, '018, and '305 Patents;

E. Enter an order awarding Plaintiff interest and reasonable attorneys' fees pursuant to 35 U.S.C. § 285, as well as costs and expenses; and

Complaint for Patent Infringement - 5

F.  Enter an order granting Plaintiff such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury for all issues so triable.

DATED: September 17, 2013.

STOEL RIVES LLP

*Of Counsel:*

Steven T. Lovett
(*pro hac vice* application forthcoming)
stlovett@stoel.com
Nathan C. Brunette
(*pro hac vice* application forthcoming)
ncbrunette@stoel.com

Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

*s/ Brian C. Park*
Brian C. Park, WSBA No. 25584
BCPARK@stoel.com

STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 386-7542
Facsimile: (206) 386-7500

Attorneys for Plaintiff
EMERGING ACQUISITIONS LLC

Complaint for Patent Infringement - 6